## THE CATSKILL.

### NEW YORK, C. & A. STEAM-BOAT CO. *v.* THE BALTIMORE.

*(Circuit Court, S. D. New York. March 28, 1889.)*

COLLISION—BETWEEN STEAMER AND FERRY-BOAT.

The steamer C., while coming down the North river and approaching her wharf in New York city, was run into by the ferry-boat B. It was found that the course of the C. was laid direct for her berth, which took her directly across the bows of the B.; but that the latter did not reverse until within 200 feet of the place of collision; and there was evidence showing that the intention of the C. to keep on her course was manifested by disregarding the repeated signals of the B. *Held,* that the B. was in fault, although she had the right of way.

In Admiralty. Libel for damages on appeal from district court, 34 Fed. Rep. 660.

Collision between the steamer Catskill and the ferry-boat Baltimore, the latter having the right of way. The district court divided the damages. 34 Fed. Rep. 660. The ferry-boat appealed. No new testimony was taken in the circuit court.

*P. Cantine* and *H. D. Van Orden*, for the Catskill, cited:

*Railroad Co.* v. *The Isaac L. Fisher*, 29 Fed. Rep. 644; *The Aurania*, Id. 123; *The Fred W. Chase*, 31 Fed. Rep. 91; *Murphy* v. *The Greenpoint*, Id. 231; *The Columbia*, 29 Fed. Rep. 719; *The Beryl*, L. R. 9 Prob. Div. 137; *The Voorwarts*, L. R. 5 App. Cas. 876; *Wells* v. *Armstrong*, 29 Fed. Rep. 218; *The Margaret J. Sanford*, 30 Fed. Rep. 714.

*Henry G. Ward*, for the Baltimore, cited:

*The B. B. Saunders*, 25 Fed. Rep. 727; *The Britannia*, 34 Fed. Rep. 552; *The U. S. Grant*, 6 Ben. 467; *The Free State*, 91 U. S. 203; *The St. Johns*, 34 Fed. Rep. 763.

LACOMBE, J. That the Catskill was in fault is not disputed, and she has not appealed. The Baltimore was found by the district judge to be in fault for not sooner reversing. Whether this fault is properly chargeable to her is, in this case, a question of fact rather than law. Her navigator insists that he stopped and reversed as soon as the Catskill manifested an intention to cross his bows,—an intention first disclosed to him, as he claims, by a sheer in towards the New York shore. The witnesses for the Catskill, however, insist that she laid her course direct for her berth at the Jay-Street pier, North river, a course which plainly took her directly across the bows of the Baltimore, and that she did not sheer in towards the New York shore until immediately before the collision, and long after her intention not to give way to the Baltimore had been disclosed by her course, and by her neglect to answer the latter's repeated signals. Upon this disputed question of fact the district judge has found that the course of the Catskill was plain, nearing the shore generally on a direct line from her position when first sighted to her wharf; and, also on conflicting evidence, that the Baltimore did not reverse until within 200 feet of the place of collision. Under such a state of facts the Baltimore is clearly in fault. Her navigator was not surprised by any sudden indication that another craft, which he supposed intended to obey the rules, meant to violate them. On the contrary, with a very plain intimation that the other vessel was willfully or heedlessly continuing on a course which made collision imminent, he kept on, in the hope that she would at the last moment discover her error, and seek to rectify it. For thus keeping on until the safety limit was reached and passed the district judge held the navigator of the Baltimore in fault, and his decision is affirmed. Usual decree. Costs of circuit court to the Catskill.